Frederick N. SPENCE, Plaintiff-Appellant,

v.

Marianne A. COOKE, Al Kelm, Lora Hallet, Charles Miller, Lt. Kuhn and Michael Thurmer, Defendants-Respondents. [Case No. 98–2598]

STATE of Wisconsin EX REL. Norman O. BROWN, Petitioner-Petitioner,

v.

Stephen PUCKETT, Respondent-Respondent. [Case No. 98–2791–LV]

Court of Appeals

*Nos. 98–2598, 98–2791–LV. Submitted on memoranda October 16, 1998.—Decided October 21, 1998.*

(Also reported in 587 N.W.2d 904.)

On behalf of the plaintiff-appellant, the cause was submitted on the memorandum of *Frederick N. Spence*, pro se.

On behalf of the defendants-respondents, the cause was submitted on the memorandum of *James E. Doyle*, attorney general, and *Stephen J. Nicks*, assistant attorney general.

Before Snyder, P.J., Brown and Nettesheim, JJ.

PER CURIAM. These cases require us to decide whether accounts of inmates denominated "release" or "release save," or which are otherwise available to an inmate only upon his or her release to field supervision,[1] are available for purposes of paying a court of appeals filing fee. We conclude that these accounts are available to satisfy the filing fee.

Prior to September 1, 1998, an indigent party who stated a claim upon which relief could be granted could commence or defend an action or proceeding without paying or giving security for the fees or costs of the action or proceeding. *See* § 814.29(1)(a), (c), STATS.; *see also State ex rel. Luedtke v. Bertrand*, 220 Wis. 2d 574, 578, 583 N.W.2d 858, 860 (Ct. App. 1998). Also prior to September 1, "release" accounts could not be considered when determining an inmate's indigency. *See State ex rel. Richards v. Dane County Circuit Court*, 165 Wis. 2d 551, 556, 478 N.W.2d 29, 31 (Ct. App. 1991). And under WIS. ADM. CODE § DOC 309.466(2) (Nov. 1997), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision."

---

[1] Prior to 1985, the Department of Health and Social Services was required to provide every released prisoner with "gate money" and "dress-out clothing." The legislature deleted this requirement in 1985. In response, the Department promulgated WIS. ADM. CODE § HSS 309.466(1) which required the institution's business office to deduct a percentage of an inmate's income and deposit those funds in a release account in the inmate's name. *See Richards v. Cullen*, 150 Wis. 2d 935, 938, 442 N.W.2d 574, 575 (Ct. App. 1989). WISCONSIN ADM. CODE § DOC 309.466 now governs establishment of an inmate's release account by income deduction.

On September 1, 1998, the Prisoner Litigation Reform Act (PLRA), 1997 Wis. Act 133, took effect.[2] Under the PLRA, which addresses the payment of litigation fees and costs by prisoners,[3] the fees and costs are no longer forgiven for indigent prisoners.[4] Rather, a scheme is created for determining how and from what funds the prisoner will pay the fees and costs, either by payment at the time the action or proceeding is commenced or on an installment basis. We will give a brief,

---

[2] All further references will be to the statutory sections created or otherwise affected by the Prisoner Litigation Reform Act.

[3] "Prisoner" is defined in § 801.02(7)(a)2, STATS., as follows:

"Prisoner" means any person who is incarcerated, imprisoned or otherwise detained in a correctional institution or who is arrested or otherwise detained by a law enforcement officer. "Prisoner" does not include any of the following:

a. A person committed under ch. 980.

b. A person bringing an action seeking relief from a judgment terminating parental rights.

c. A person bringing an action seeking relief from a judgment of conviction or a sentence of a court, including an action for an extraordinary writ or a supervisory writ seeking relief from a judgment of conviction or a sentence of a court or an action under s. 809.30, 809.40, 973.19 or 974.06.

d. A person bringing an action under s. 809.50 seeking relief from an order or judgment not appealable as of right that was entered in a proceeding under ch. 980 or in a case specified under s. 809.30 or 809.40.

e. A person who is not serving a sentence for the conviction of a crime but who is detained, admitted or committed under ch. 51 or 55 or s. 971.14 (2) or (5).

[4] Under § 814.29(3)(b), STATS., as it existed prior to the PLRA, an inmate was liable for previously waived fees and costs if judgment was entered in favor of the opposing party. The PLRA adjusts the manner in which fees and costs are collected from the inmate's accounts.

but not all-inclusive, overview of the PLRA's provisions relating to fees and costs.

If a "prisoner" as defined in the PLRA "requests leave to commence or defend an action, special proceeding, writ of error or appeal without being required to prepay the fees or costs or without being required to give security for costs," the prisoner shall submit an affidavit of indigency, a certified copy of the prisoner's trust fund account statement for the six-month period immediately preceding the filing of the request for a waiver, and an authorization to the agency having custody of the prisoner's prison trust fund account to forward payments from that account to the clerk of courts toward payment of fees due. *See* § 814.29(1m)(b), (1m)(c)2, STATS. If the court determines that the prisoner has assets in a trust fund account, "whether accessible to the prisoner only upon release or before release," the court shall order that the balance in the account be used to satisfy as much of the filing fee as possible before the prisoner will be allowed to commence or defend an action. *See* § 814.29(1m)(d). If the account has a zero balance, the filing fee is to be paid in $10 installments as funds become available. *See* § 814.29(1m)(c).

These matters come before the court because the inmates, Norman O. Brown and Frederick N. Spence, each seek waiver of the $150 filing fee required to commence their actions in this court. Spence appeals from the dismissal of his complaint against various prison system officials. Brown has filed a petition for leave to appeal, *see* RULE 809.50, STATS., from a circuit court order denying his motion to compel discovery. Each inmate is a "prisoner" within the meaning of

§ 801.02(7)(a)2, STATS.,[5] and each filed a Prisoner's Petition for Waiver of Fees/Affidavit of Indigency and requested fee waivers under § 814.29(1m), STATS.

Each prisoner supplied this court with the required certified copy of his prison trust fund account statement. *See* § 814.29(1m)(b)2, STATS.[6] Spence's statement indicates that he has a balance of $502.86 in a "release save" account and zero balances for every other type of account such as "regular," "savings," "work release," "miscellaneous" and "release fund." Spence's statement also indicates a balance of $74.15 due on "Federal filing fees." Brown's statement indicates that he has a balance of $407.09 in a "release" account and $5.81 in his "regular" account.

The prisoners' trust account statements raise questions under the PLRA regarding the availability of release-type accounts to pay filing fees in light of the previous prohibition on using these accounts prior to release. Therefore, the court required the Department of Justice (DOJ), the Department of Corrections (DOC), Spence and Brown to file memoranda addressing whether a release-type account is available under the PLRA to pay this court's filing fee. The parties have filed the required memoranda.

The DOC and the DOJ argue that the PLRA grants access to accounts formerly available only upon release to field supervision. Spence and Brown argue that DOC

---

[5] Future references to "prisoner" mean a "prisoner" as defined in the PLRA.

[6] This statement need not be supplied at the commencement of a proceeding in this court if "a prisoner is in imminent danger of serious physical harm" and the court shall permit the prisoner to commence or defend without being required to file a trust account statement or prepaying the initial partial filing fee. *See* § 814.29(1m)(f), STATS.

rules prohibit access to release accounts prior to release to field supervision. Brown also argues that he has a vested property interest in having his release account funds preserved for his use upon release.

The accessibility of accounts under the PLRA requires statutory interpretation. Statutory interpretation presents a question of law that we review de novo. *See State ex rel. Frederick v. McCaughtry,* 173 Wis. 2d 222, 225, 496 N.W.2d 177, 179 (Ct. App. 1992). The purpose of statutory construction is to ascertain and give effect to the legislative intent. *See State v. Martin,* 162 Wis. 2d 883, 893, 470 N.W.2d 900, 904 (1991). In determining legislative intent, we first examine the statutory language itself. *See id.* If the statute's meaning is clear and unambiguous on its face, resort to extrinsic aids for the purpose of statutory construction is improper. *See id.* at 893–94, 470 N.W.2d at 904. A statute is ambiguous when it is capable of being understood by reasonably well-informed persons in two or more different senses. *See id.* at 894, 470 N.W.2d at 904.

We begin with our examination of the statute's language. Section 814.29(1m)(d), STATS., provides:

> If the court determines that the prisoner who made the affidavit does have assets *in a trust fund account, whether accessible to the prisoner only upon release or before release,* the court shall order an initial partial filing fee to be paid from that trust fund account before allowing the prisoner to commence or defend an action, special proceeding, writ of error or appeal. The initial filing fee shall be the current balance of the prisoner's trust fund account or the required filing fee, whichever is less. [Emphasis added.]

536

■ We discern no ambiguity in the italicized language. Reasonably well-informed persons would not understand the italicized language to limit in any manner the availability of any funds held for the prisoner within the prison system, regardless of the title or purpose of the account in which the funds are held. We further note that another statutory reference to "trust fund account statement" includes "accounts accessible to the prisoner before or upon release." Section 814.29(1m)(b)2, STATS.

Our statutory interpretation is further guided by the principle that the legislature is presumed to know the law when it enacts legislation. *See State v. Trongeau,* 135 Wis. 2d 188, 192, 400 N.W.2d 12, 14 (Ct. App. 1986) (legislature is presumed to act with full knowledge of existing laws). Until the enactment of the PLRA, "release" accounts could not be considered when determining an inmate's indigency. *See Richards,* 165 Wis. 2d at 556, 478 N.W.2d at 31. And under WIS. ADM. CODE § DOC 309.466(2) (Nov. 1997), "[r]elease account funds may not be disbursed for any reason until the inmate is released to field supervision."[7] However, the plain language of the PLRA brings such accounts into consideration when a prisoner petitions to be relieved from prepaying or giving security for fees and costs. Moreover, the PLRA supersedes this administrative code provision. *Cf. Basic Prods. Corp. v. Wisconsin Dep't of Taxation,* 19 Wis. 2d 183, 186, 120 N.W.2d 161, 162 (1963) (an administrative rule may not supersede an unambiguous statute).

---

[7] This court is unaware of any change to the administrative regulation since the creation of § 814.29(1m), STATS., although the Revisor of Statutes advises that an amendment or other change affecting WIS. ADM. CODE § DOC 309.466(2) is in process.

We briefly address Brown's argument that he has a vested property interest in preserving his release account funds for his use upon release. While an inmate has a property interest in the funds on deposit in his prison account(s), *see Campbell v. Miller,* 787 F.2d 217, 222 (7th Cir. 1986), we fail to see how giving a prisoner access to previously restricted funds constitutes a deprivation of that property interest.[8] First, the prisoner must authorize payment from the previously restricted account. *See* § 814.29(1m)(c)2, STATS. Second, whether a prisoner's release account will be reduced by litigation fees is solely a function of the prisoner's decision to litigate and seek a fee waiver. In enacting the PLRA, the legislature unambiguously determined that a prisoner's trust account, whether accessible upon or before release, is accessible for purposes of paying litigation costs.[9] The legislature has determined that release-type accounts can serve more than one purpose.[10]

---

[8] The Fourteenth Amendment to the United States Constitution prevents the State from depriving a person of property without due process of law. *See Association of State Prosecutors v. Milwaukee County,* 189 Wis. 2d 291, 311, 525 N.W.2d 768, 776–77 (Ct. App. 1994), *rev'd on other grounds,* 199 Wis. 2d 549, 544 N.W.2d 888 (1996).

[9] Although the issue before us involves payment of this court's filing fee, we see no reason why other litigation fees and costs within the meaning of § 814.29, STATS., would not be payable with release account funds.

[10] Because we hold that the PLRA permits payment of this court's filing fee from release-type accounts, we need not speculate on the reason the federal filing fee has not been deducted from Spence's "release save" account.

*By the Court.*—Petitions for Waiver of Fees/Costs granted.[11]

[11] Both prisoners seek an order for deferment of the filing fees and directing the prison to send amounts as available from the appropriate prison accounts to pay the fees. Having determined that the prisoners' release accounts may be used to pay the fees, we grant the prisoners' requests under the terms of this decision.