**Frederick N. SPENCE, Plaintiff,**

v.

**Gary R. McCAUGHTRY and Michael Sullivan, Defendants.**

No. 98–C–118.

United States District Court,
E.D. Wisconsin.

Jan. 25, 1999.

Frederick N. Spence, Plymouth, WI, plaintiff pro se.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

On May 5, 1998, I dismissed the above section 1983 action at Mr. Spence's request. Because the action was governed by the Prisoner Litigation Reform Act of 1996 ["PLRA"], I also ordered that the $131.15 balance of his $150.00 filing fee be paid from his prison trust account in monthly payments, in accordance with 28 U.S.C. § 1915(b)(2). He has now paid $103.90 of the $150.00 filing fee, and he requests that the court order that the remaining $46.10 be paid from his "release account." This account is created by state administrative regulations requiring a percentage of the prisoner's income to be placed in an account which the prisoner can access only upon release. Wis.Admin.Code (DOC) § 309.466.

Mr. Spence's request requires the court to consider whether a release account can be used to pay the filing fees imposed by the PLRA. There are no published decisions addressing this issue. The question is a significant one, as its answer affects

the filing fees assessed in the large number of federal cases brought by state prisoners seeking leave to proceed in forma pauperis.

One of the changes brought about by the PLRA is its requirement that courts collect filing fees from prisoners' accounts, irrespective of whether they are granted leave to proceed in forma pauperis. 28 U.S.C.1915(b); *Thurman v. Gramley*, 97 F.3d 185, 187 (7th Cir.1996). If a prisoner cannot pay the entire fee prior to filing, the court must collect an initial partial filing of 20 percent of the average monthly deposits or average monthly balance (whichever is greater) in the "prisoner's account." 28 U.S.C.1915(b)(1) (as amended by the PLRA). Pursuant to amended section 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

Wisconsin prisoners have primarily two types of accounts: a "general account" and a "release account." The general account, also called a "trust account", receives a prisoner's pay and other income. Wis.Admin.Code (DOC) § 309.02(8). Prisoners can withdraw funds from this account while they are in state custody. § 309.49(2). The release account, by contrast, cannot be accessed by a prisoner until he is released. § 309.466(2). After "crime victim and witness assistance" payments have been made (*see* § 309.465), fifteen percent of a prisoner's pay goes into the release account until the balance reaches $500. § 309.466(1).

The key question in this case is whether Mr. Spence's release account is a "prisoner's account" as that term is used in section 1915(b). If it is, then the supremacy clause mandates payment from the release account in accordance with the provisions of the statute, irrespective of any state administrative restrictions. U.S. Const., art. VI, cl. 2. If it is not, then section 1915(b) gives the court no authority to collect fees from the release account; if that were the case, this court could not collect Mr. Spence's remaining fee from his release account, irrespective of his request, since state administrative regulations forbid disbursements from this account until he is released (subject to one irrelevant exception). Wis.Admin.Code (DOC) § 309.466(2). These regulations control in the absence of a supremacy clause problem, such as a conflicting congressional directive.

The statute does not define the term "prisoner's account", although in section 1915(a)(2) it uses the term "trust fund account", also not defined, apparently referring to the same type of account. 28 U.S.C.1915(a)(2) (requiring prisoner to "submit a certified copy of [his] trust fund account statement (or institutional equivalent)"). Legislative history and case law provide no guidance regarding the meaning of these terms. It seems likely that Congress did not have Wisconsin's prisoner account system in mind when it enacted the PLRA. For example, it refers to a single "prisoner's account", suggesting that it contemplated a system in which prisoners have only one account. However, that Congress did not specifically consider Wisconsin's system does not relieve this court of the burden of applying the PLRA's filing fee provisions to the Wisconsin system.

I conclude that the term "prisoner's account" encompasses both Mr. Spence's release account and his general account. Both are "accounts." They are also "prisoner's accounts", since they contain his income and their funds are disbursed to him. That the prison temporarily restricts his access to the funds in the release account does change his ownership of those funds. *See Spence v. Cooke*, 222 Wis.2d 530, 537, 587 N.W.2d 904, 907 (Wis.App. 1998) (Wisconsin prisoner has vested prop-

erty interest in funds in his release account). In addition, both accounts are trust fund accounts, since the funds in them are held by the prison in trust for Mr. Spence. Wisconsin's Prisoner Litigation Reform Act supports this conclusion, as it provides that both release accounts and general accounts are "trust fund accounts." Wis.Stats. § 814.29(1m)(d) (in assessing filing fees, court considers assets in prisoner's "trust fund account, whether accessible to the prisoner upon release or before release"). Furthermore, Mr. Spence's "Trust Account Statement" reflects the balances in both his "regular" and "release savings" accounts. Finally, there is nothing in the language, structure or purpose of the PLRA that would suggest that release accounts were meant to be excluded from the Act's filing fee provisions.

Since the term "prisoner's account" includes his release account, the court should have considered this account, as well as his general account, in calculating Mr. Spence's initial partial filing fee. His trust account statement indicates that for the six months before he filed his complaint, he had an average monthly balance of more than $500 in his release account. Including this amount in his initial partial filing fee calculation would have resulted in a fee at least $100 greater than the fee he actually paid. Mr. Spence's request will be granted for this reason. The $46.10 balance on Mr. Spence's filing fee may be paid from his release account.

Therefore, IT IS ORDERED that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from Mr. Spence's "release account" or "release savings account" the $46.10 balance of his filing fee, in accordance with 28 U.S.C. § 1915(b)(1). The payment shall be forwarded to the clerk of this court and clearly identified by the case name and the number assigned to this action.