STATE of Wisconsin EX REL. Joseph STINSON, Petitioner-Appellant,

v.

Kenneth MORGAN, Respondent-Respondent.

Court of Appeals

*No. 98–2971. Submitted on memoranda March 5, 1999.—Decided March 25, 1999.*

(Also reported in 593 N.W.2d 924.)

 

On behalf of the petitioner-appellant, the cause was submitted on the memoranda of *Joseph Stinson*, pro se.

On behalf of the respondent-respondent, the cause was submitted on the memoranda of *James E. Doyle*, attorney general, and *Matthew J. Frank*, assistant attorney general.

Before Dykman, P.J., Eich and Deininger, JJ.

PER CURIAM. The issue in this case is whether an inmate's petition for a writ of habeas corpus, challenging the computation of his period of incarceration after his parole was revoked and the effectiveness of his counsel during the revocation proceeding, is subject to the Prisoner Litigation Reform Act (PLRA), 1997 Wis. Act 133, which took effect on September 1, 1998. The determination of this issue hinges on whether Joseph Stinson is a prisoner under § 801.02(7)(a)2,

STATS., as created by the PLRA. Because we conclude that Stinson is a prisoner, the PLRA applies.

Stinson appealed from the orders of the circuit court denying his petition for a writ of habeas corpus and denying his motion for reconsideration. Stinson moved for leave to commence this appeal without being required to prepay this court's filing fee, and he filed an affidavit of indigency under § 814.29(1m)(b), STATS. On our own motion, we questioned whether Stinson was a prisoner under the PLRA. We asked the parties to submit memoranda on the issue of whether a challenge to the calculation of a mandatory release date falls within the exception of § 801.02(7)(a)2.c, STATS. They have done so.

The PLRA addresses the payment of litigation fees and costs by prisoners.[1] *See Spence v. Cooke*, 222 Wis. 2d 530, 533, 587 N.W.2d 904, 905–06 (Ct. App. 1998). The PLRA creates a scheme for determining how and from what funds a prisoner will pay the fees and costs. *See id.* In *Spence*, we briefly described the process that a prisoner must follow under the PLRA:

> If a "prisoner" as defined in the PLRA "requests leave to commence or defend an action, special proceeding, writ of error or appeal without being required to prepay the fees or costs or without being required to give security for costs," the prisoner shall submit an affidavit of indigency, a certified copy of the prisoner's trust fund account statement for the six-month period immediately preceding the filing of the request for a waiver, and an authorization to the agency having custody of the prisoner's prison trust fund account to forward payments from

---

[1] For a discussion of the procedure in effect prior to September 1, 1998, see *Spence v. Cooke*, 222 Wis. 2d 530, 532, 587 N.W.2d 904, 905–06 (Ct. App. 1998).

that account to the clerk of courts toward payment of fees due. *See* § 814.29(1m)(b), (1m)(c)2, STATS. If the court determines that the prisoner has assets in a trust fund account, "whether accessible to the prisoner only upon release or before release," the court shall order that the balance in the account be used to satisfy as much of the filing fee as possible before the prisoner will be allowed to commence or defend an action. See § 814.29(1m)(d). If the account has a zero balance, the filing fee is to be paid in $10 installments as funds become available. *See* § 814.29(1m)(c), STATS.

The requirements of the PLRA apply to "prisoners" as defined by the statute. A prisoner is any person who is "incarcerated, imprisoned or otherwise detained in a correctional institution or who is arrested or otherwise detained by a law enforcement officer." However, a "prisoner" under this statute does not include:

> A person bringing an action seeking relief from a judgment of conviction or a sentence of a court, including an action for an extraordinary writ or a supervisory writ seeking relief from a judgment of conviction or a sentence of a court or an action under s. 809.30, 809.40, 973.19, or 974.06.

Section 801.02(7)(a)2.c, STATS. The question, therefore, is whether an inmate challenging the calculation of his mandatory release date is seeking relief from a judgment of conviction or a sentence of a court.

In *State ex rel. Marth v. Smith*, No. 98–3031-W, (Wis. Ct. App. Jan. 27, 1999, ordered published Feb. 23, 1999), we considered whether an inmate challenging the revocation of his probation was a prisoner under the PLRA. First, we concluded that, although Marth's challenge was presented in the form of a habeas corpus petition, the substantive challenges were to the revoca-

tion of his probation. It was on this basis that we considered whether the PLRA applied. We then concluded that Marth was not seeking relief from a judgment of conviction or sentence of the court, and, therefore, he was a prisoner within the PLRA. We stated that "[p]robation revocation is distinct from the underlying proceedings which culminated in a judgment of conviction and sentence." *Marth*, No. 98–3031, slip op. at 4 (*citing State ex rel. Flowers v. DHSS*, 81 Wis. 2d 376, 384, 260 N.W.2d 727, 732 (1978)).

Similarly, in this case, the substantive challenge of Stinson's petition is to the computation of his sentence after revocation, not to the sentence itself. It follows, therefore, that a challenge to the period of incarceration imposed after probation has been revoked is also distinct from the proceedings that resulted in the conviction and sentence.

In his response, Stinson states that he is challenging his sentence, and, therefore, he is not subject to the PLRA. While Stinson is challenging the length of time he will remain incarcerated, he is not challenging the actual twelve-year sentence imposed by the court. Rather, he is challenging the date of his release. Specifically, he is challenging the method the Department of Corrections used for determining when he actually will be released from prison.

"Complaints about [the] denial of parole, revocation of parole, and the like, do not affect the validity of the criminal sentence, and this litigation therefore cannot be called the functional continuation of the criminal prosecution." *Marth*, No. 98–3031, slip op. at 4 (*citing Newlin v. Helman*, 123 F.3d 429, 438 (7th Cir. 1997), *cert. denied, Robinson v. Smith*, 118 S. Ct. 707 (1998)). Since the relief Stinson is seeking would not affect the validity of his criminal sentence, it also is not

a continuation of the criminal prosecution. Since he is not seeking relief from a judgment of conviction or sentence, then he is a prisoner within the meaning of the PLRA.

Because Stinson is a prisoner under the PLRA, then he must comply with the requirements of the PLRA for commencing an action when indigency is claimed. Stinson has filed a Petitioner's Petition for Waiver of Fees/Affidavit of Indigency, §§ 814.29(1m) and 814.29(1)(b), STATS., and the certified copy of his prison trust account statement. *See* § 814.29(1m)(b)2. That statement shows that Stinson has adequate funds in his regular and release accounts to pay this court's filing fee. Therefore, under § 814.29(1m)(d), Stinson must pay the fee. However, Stinson has not submitted the written authorization for payment to be made from his trust accounts. *See* § 814.29(1m)(c)2. When Stinson files the required authorization, this court will issue a further order disposing of Stinson's fee waiver request.

*By the Court.*—Petition for Waiver of Fees/Costs provisionally granted.[2]

[2] By filing a petition under § 814.29(1m), STATS., Stinson sought to access funds in his release account, money not otherwise available to him. Because we conclude that Stinson is a prisoner under § 801.02(7)(a), STATS., he may access his release account. In that sense, we are granting the relief sought by Stinson. We emphasize, however, that Stinson remains responsible for the payment of this court's filing fee.