STATE of Wisconsin EX REL. Sol COLEMAN, Jr., Plaintiff-Appellant,

v.

Michael SULLIVAN, Secretary, Department of Correction, Judy P. Smith, Warden, OSCI, Cpt. Westfield, Mailroom Supervisor, OSCI, Chuck Witkowski, Mailroom Sergeant, OSCI, Mary Hopfensberger, Mailroom Officer, OSCI, Ruth Smith, Mailroom Officer, OSCI, Defendants-Respondents.

Court of Appeals

*No. 98–2599. Submitted on memoranda July 21, 1999.—Decided August 4, 1999.*

(Also reported in 601 N.W.2d 335.)

No memorandum was submitted by the appellant.

On behalf of the defendants-respondents, the cause was submitted on the memorandum of *James E. Doyle,* attorney general, and *Charles P. Hoornstra,* assistant attorney general.

Before Nettesheim, Anderson and Snyder, JJ.

PER CURIAM. In this case, we interpret provisions of the Prisoner Litigation Reform Act (PLRA)[1] to hold that a prisoner who has sufficient funds in his or her prison trust fund accounts to pay the entire filing fee is not barred from commencing an appeal by the three dismissals rule of § 801.02(7)(d), STATS. We also hold that the prisoner requires a court order to gain access to his or her prison trust fund accounts to pay the filing fee if access to those accounts is restricted by a non-PLRA statute or administrative code provision.

Sol Coleman, Jr., a prisoner within the meaning of § 801.02(7)(a)2, STATS.,[2] has filed a notice of appeal and

---

[1] The PLRA was created by 1997 Wis. Act 133. Statutory references in this opinion are to statutory sections created or otherwise affected by the PLRA.

[2] Section 801.02(7)(a)2, STATS., defines "prisoner" as follows:

"Prisoner" means any person who is incarcerated, imprisoned or otherwise detained in a correctional institution or who is arrested or otherwise detained by a law enforcement officer. "Prisoner" does not include any of the following:

 a. A person committed under ch. 980.

 b. A person bringing an action seeking relief from a judgment terminating parental rights.

 c. A person bringing an action seeking relief from a judgment of conviction or a sentence of a court, including an action for an

a Prisoner's Petition for Waiver of Fees/Affidavit of Indigency. The petition and accompanying certified copy of Coleman's trust fund accounts statement, *see* § 814.29(1m)(b)2, STATS., reveal that Coleman has sufficient funds in his release and release savings trust fund accounts to pay the filing fee for this action. *See* § 814.29(1m)(d). We have previously held that funds of this type can be drawn upon to pay the filing fee.[3]

Even though Coleman has sufficient funds to pay the filing fee in full, the State moved to be heard on the question of whether Coleman can commence his appeal given that he may be subject to the three dismissals rule of § 801.02(7)(d), STATS. Section 801.02(7)(d) provides:

> If the prisoner seeks leave to proceed without giving security for costs or without the payment of any service or fee under s. 814.29, the court shall dismiss any action or special proceeding, including

extraordinary writ or a supervisory writ seeking relief from a judgment of conviction or a sentence of a court or an action under s. 809.30, 809.40, 973.19 or 974.06.

d. A person bringing an action under s. 809.50 seeking relief from an order or judgment not appealable as of right that was entered in a proceeding under ch. 980 or in a case specified under s. 809.30 or 809.40.

e. A person who is not serving a sentence for the conviction of a crime but who is detained, admitted or committed under ch. 51 or 55 or s. 971.14 (2) or (5).

[3] In *Spence v. Cooke*, 222 Wis. 2d 530, 537, 587 N.W.2d 904, 907 (Ct. App. 1998), we held that under the PLRA, all funds held for the prisoner within the prison system are available to satisfy this court's filing fee, regardless of whether the funds are otherwise categorized as accessible before or upon release from prison. Prisoners have a variety of prison accounts: release, release savings, regular, work release, miscellaneous and savings. This opinion refers to these accounts collectively as "trust fund accounts."

a petition for a common law writ of certiorari, commenced by any prisoner if that prisoner has, on 3 or more prior occasions, while he or she was incarcerated, imprisoned, confined or detained in a jail or prison, brought an appeal, writ of error, action or special proceeding, including a petition for a common law writ of certiorari, that was dismissed by a state or federal court for any of the reasons listed in s. 802.05(3)(b)1. to 4. The court may permit a prisoner to commence the action or special proceeding, notwithstanding this paragraph, if the court determines that the prisoner is in imminent danger of serious physical injury.[4]

We ordered the State to file a memorandum addressing the applicability of § 801.02(7)(d), STATS., to this case. In its memorandum, the State argues that if the prisoner has sufficient trust fund account balances to pay the filing fee in full, the three dismissals rule does not apply.[5]

Whether the § 801.02(7)(d), STATS., three dismissals rule applies when a prisoner has sufficient prison trust funds to pay the filing fee in full requires statutory interpretation. Statutory interpretation presents a question of law that we decide de novo. *See Spence v. Cooke*, 222 Wis. 2d 530, 536, 587 N.W.2d 904, 906 (Ct. App. 1998). To determine legislative intent, we start

---

[4] Dismissals qualifying under § 802.05(3)(b), STATS., include dismissals because the action was frivolous, was brought for an improper purpose, failed to state a claim or sought monetary damages against a party who was immune from such relief.

[5] An inmate may proceed without supplying prison account information or prepaying the initial partial filing fee "[i]f the court believes that a prisoner is in imminent danger of serious physical harm." Section 814.29(1m)(f), STATS. This opinion does not address this exception.

with the statutory language itself. *See id.* If the language is clear and unambiguous on its face, our analysis concludes. *See id.* However, if the statute "is capable of being understood by reasonably well-informed persons in two or more different senses," the statute is ambiguous. *Id.*

The first sentence of § 801.02(7)(d), STATS., states that "[i]f the prisoner seeks leave to proceed without giving security for costs or without the payment of any service or fee . . . the court shall dismiss" if that prisoner has three or more prior dismissals. This language unambiguously states that a prisoner's action is subject to dismissal if the prisoner seeks leave to proceed without paying the filing fee. Reasonably well-informed persons would not understand the statute to preclude a prisoner from proceeding in court if he or she can pay the filing fee in full. Coleman has sufficient funds to pay the filing fee. Therefore, he does not require leave to proceed without paying the fee. The three dismissals rule does not bar Coleman from commencing his appeal.

The State argues that if the prisoner's trust fund account balances are sufficient to pay the filing fee in full, the prisoner does not need a court order to draw upon those funds. However, the State does not cite any authority in support of this argument.

Payment of the filing fee under the PLRA is governed by § 814.29(1m)(d), STATS., which provides that "[i]f the court determines that the prisoner who made the affidavit [for fee accommodation] does have assets in a trust fund account . . . *the court shall order* an initial partial filing fee to be paid from that trust fund account before allowing the prisoner to commence or defend" an appeal. (Emphasis added.) The initial filing

fee is "the current balance of the prisoner's trust fund account or the required filing fee, whichever is less." *Id.* The statute contemplates court involvement in evaluating the prisoner's ability to pay the filing fee.[6]

The State's argument that a court order is unnecessary when a prisoner has sufficient funds to pay the filing fee does not distinguish between release-type funds which, prior to the PLRA, were only accessible upon release, and funds which have always been available to the inmate during incarceration. *See Spence*, 222 Wis. 2d at 537, 587 N.W.2d at 907. Prior to the PLRA, a prisoner could not have access to his or her release accounts until release to field supervision. *See id.* at 532, 587 N.W.2d at 905; *see also* WIS. ADM. CODE § DOC 309.466(2) (Nov. 1997). The PLRA gives access to "accounts accessible to the prisoner before or upon release" to pay the filing fee, thereby superseding the administrative code provision. *See Spence*, 222 Wis. 2d at 537, 587 N.W.2d at 907 (quoting § 814.29(1m)(b)2, STATS.). Because the PLRA creates an exception to the DOC rule regarding release accounts, we conclude that a prisoner requires a court order if he or she seeks to commence an action using funds whose access is otherwise restricted by a non-PLRA statute or administrative code provision.

Because Coleman has sufficient trust fund accounts to pay the entire filing fee and has authorized payment of those funds, we conclude that the three dismissals rule does not preclude Coleman's appeal.

---

[6] A prisoner must authorize the agency having custody of his or her trust fund accounts to forward payments to the clerk of court for the filing fee. *See* § 814.29(1m)(c)2, STATS. This court does not intend to foreclose subsequent rule making by the DOC designed to streamline the process of gaining access to prisoners' trust account funds for purposes authorized by the PLRA.

We further conclude that Coleman requires a court order to draw upon his release funds to pay the filing fee. Because Coleman has sufficient funds to pay the filing fee in full, his petition for waiver of fees is denied and Coleman is ordered to pay the filing fee.

*By the Court.*—Petition for Waiver of Fees/Costs denied.