Cornell SMITH, Plaintiff,

v.

Pete HUIBREGTSE, Captain Strahota, Jodine Deppisch, Sgt. Gerritson, Officer Kinnard, Officer Helmeid, and Gary McCaughtry, Defendants.

No. 00–C–01117.

United States District Court, E.D. Wisconsin.

March 9, 2001.

Cornell Smith, Waupun, WI, pro se.

### ORDER

GORENCE, United States Magistrate Judge.

The plaintiff, who is proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983, alleging a violation of his civil rights. The plaintiff requested leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Pursuant to the Prison Litigation Reform

Act (PLRA), prisoners are required to pay the statutory filing fee of $150.00 for their actions. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, which amended the *in forma pauperis* statute, the court must assess an initial partial filing fee of 20 percent of the average monthly deposits to the plaintiff's prison account or the average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. In no event will a prisoner be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4).

The certified copy of the plaintiff's prison trust account statement for the six-month period immediately preceding the filing of his complaint showed that the average monthly deposit to his account was $51.52 and the average monthly balance was -$4.93. Because the plaintiff's average monthly deposit was greater than his average monthly balance, the plaintiff was assessed an initial partial filing fee of $10.30. On August 17, 2000, the plaintiff was ordered to pay the sum of $10.30 within 21 days as an initial partial filing fee pursuant to the PLRA.

Subsequently, in response to an August 29, 2000, letter from the plaintiff, the court afforded the plaintiff additional time to September 29, 2000, to pay the initial filing fee. Thereafter, the plaintiff responded to the court, stating that he cannot pay the $10.30 initial filing fee because he does not have money in his account. He also attached another petition and affidavit for leave to proceed *in forma pauperis* and a six-month certified statement. *See* Plaintiff's Letter dated September 7, 2000. The statement shows that the plaintiff has reg-

ular bimonthly deposits of $22.40 to his prison account but that amounts are consistently withheld from those deposits. These amounts include payments for restitution, victim witness surcharge and medical co-pay loans.

By order of November 14, 2000, the court outlined the procedural background of this case and asked the plaintiff to inform the court on how he elects to proceed in this action. By letter of November 30, 2000, the plaintiff advised the court that he had no money in his release account to pay the initial filing fee.

As an initial matter, the court notes that Wisconsin prisoners have primarily two types of accounts: a "general account" and a "release account." The general account, also called a "trust account," receives a prisoner's pay and other income. Wis. Admin. Code § DOC 309.02(8). Prisoners can withdraw funds from this account while they are in state custody. Wis. Admin. Code § DOC 309.49(2). The release account, by contrast, cannot be accessed by a prisoner until he is released.[1] Wis. Admin. Code § DOC 309.466(2).

As the court noted earlier, a prisoner will not be prohibited from bringing a civil action because he has no assets and no means by which to pay the initial partial filing fee. 28 U.S.C. § 1915(b)(4). However, in *Newlin v. Helman,* 123 F.3d 429, 435 (7th Cir.1997), *cert. denied,* 522 U.S. 1054, 118 S.Ct. 707, 139 L.Ed.2d 649 (1998), *and overruled on other grounds by Lee v. Clinton,* 209 F.3d 1025 (7th Cir. 2000) *and Walker v. O'Brien,* 216 F.3d 626 (7th Cir.2000), the Court of Appeals for the Seventh Circuit concluded that § 1915(b)(4) only comes into play when a

---

1. After "crime victim and witness assistance" payments have been made (*see* Wis. Admin. Code § DOC 309.465), fifteen percent of a prisoner's pay goes into the release account until the balance reaches $500. Wis. Admin. Code § DOC 309.466(1).

prisoner has both *no assets and no means* by which to pay the initial partial filing fee. *Id.* (emphasis added). Prisoners with periodic income have "means" even when they lack "assets." *Id.* The plaintiff's trust account statement indicates that he regularly receives prison wages. Therefore, this court cannot allow the plaintiff to proceed without prepayment of the initial filing fee under § 1915(b)(4).

■ Having determined that the plaintiff must pay, the court must next decide how to ensure that the fee is collected. The question of how a prisoner's filing fee is to be collected is determined entirely by the PLRA and is outside the prison's control once the prisoner files a complaint or notice of appeal. *Newlin,* 123 F.3d at 436. As shown in the plaintiff's trust account statement, the Wisconsin prison currently withhold amounts due for legal loans, restitution and victim witness surcharges before they apply money towards a prisoner's federal filing fee. *See Luedtke v. Bertrand,* 32 F.Supp.2d 1074, 1076 (E.D.Wis.1999); *Williams v. Litscher,* 115 F.Supp.2d 989, 991–92 (W.D.Wis.2000). As a result, federal filing fees go unpaid because prison officials have given other types of prisoner debt higher priority.

■ The prisoner's trust account is the account routinely used to pay the filing fees under the PLRA. Prison officials could be directed by the court to collect federal filing fees by accessing the funds in the prisoner's release account since nothing in the language, structure or purpose of the PLRA suggests that release accounts were meant to be excluded from the PLRA's filing fee provisions. *See Spence v. McCaughtry,* 46 F.Supp.2d 861, 863 (E.D.Wis.1999).

The plaintiff's states that he has no money in his release account. Regardless, given the purpose of the release account to provide funds to the prisoner upon his or her release from incarceration, the court does not deem it prudent to routinely focus on the release account as the initial source of funds to satisfy the filing fee payment requirements of the PLRA. Accordingly, an evaluation of the prison's current system for the disbursement of funds from a prisoner's trust account in the context of the PLRA is warranted.

The PLRA, 28 U.S.C. § 1915(b), provides in relevant part:

(1) . . . . [I]f a prisoner brings a civil action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee. The court shall assess and, when funds exist, collect, as a partial payment of any court fees required by law, an initial partial filing fee of 20 percent of the greater of—(A) the average monthly deposits to the prisoner's account; or (B) the average monthly balance in the prisoner's account for the 6–month period immediately preceding the filing of the complaint or notice of appeal.

(2) After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of court each time the amount in the account exceeds $10 until the filing fees are paid.

In the recent decision in *Williams,* the court addressed the collection of the balance of filing fees under § 1915(b)(2). After reviewing the language of the statute, the court noted that the second sentence of § 1915(b)(2) "appears to direct prison officials to wait to send a check to the court until the balance of the prisoner's account exceeds $10." *Williams,* 115 F.Supp.2d at 991. However, the court determined that such procedure could not have been intended by Congress because prisoners

with small incomes who spend their money as soon as it is received will never have an account balance that exceeds $10 and, consequently, courts will never receive the statutorily required filing fees. *Id.*

Therefore, the court in *Williams* reasoned: "The only way the statute's payment requirement can be carried out is if prison officials capture 20% of the income to a prisoner's account each month so that it is available to send to the court at the appropriate time." *Id.* Under this method, prison officials do not track the precise moment the prisoner's account balance exceeds $10. *Id.* Instead, the captured 20% deductions are accumulated in the account until they exceed $10, at which point the prison can write a check in whatever amount over $10 it has collected and send it to the court. *Id.* The court surmised that this would result in the payment of a prisoner's federal filing fees no matter how small his income. *Id.*

■ With respect to the initial partial filing fee, § 1915(b)(1) requires that such fee is to be collected when funds "exist." This court issued an order on August 17, 2000, assessing the plaintiff an initial partial filing fee of $10.30 based on his trust account statements. Since that time, funds have "existed" in that account because the plaintiff receives $22.40 bimonthly in the form of prison wages. Under *Newlin,* funds exist within the meaning of the PLRA whenever a prisoner has funds or receives income and prison officials must give payment of federal court filing fees priority. 123 F.3d at 435–36. Therefore, once prison officials became aware of the court's initial partial filing fee order, they were to give priority to the payment of the $10.30 initial partial filing fee from the subsequent deposits of funds in the plaintiff's trust account. *See Id.* at 435.

■ Furthermore, once the initial partial filing fee has been collected, prison officials must collect subsequent payments under § 1915(b)(2). With respect to collection of the remainder of the fee, the court finds the reasoning of *Williams* persuasive. After prison officials forward the plaintiff's initial partial filing fee to the court, prison officials must capture 20% of the deposits made to the plaintiff's account each month and forward them to the court once the amount of the deductions in the account exceeds $10. This will ensure that the plaintiff will continue to make payments towards his federal filing fee even if he experiences a drop in income.

### *ORDER*

**NOW, THEREFORE, IT IS HEREBY ORDERED** that prison officials at Oshkosh Correctional Institution shall deduct the sum of $10.30 from the plaintiff's trust account and, within 30 days of the date of this order, forward that sum to the clerk of court as the plaintiff's initial partial filing fee.

**IT IS FURTHER ORDERED** that the Secretary of the Wisconsin Department of Corrections or his designee shall collect from the plaintiff's prison trust account the $139.70 balance of the filing fee by capturing 20% of the income to the plaintiff's trust account each month until the 20% deductions exceed $10. At that point, prison officials shall write a check in whatever amount they have collected and send it to the clerk of court in accordance with the provisions 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that copies of this order be sent to the warden of the institution where the inmate is confined and to Charles D. Hoornstra, Assistant Attorney General, Wisconsin Depart-

ment of Justice, P.O. Box 7857, Madison, Wisconsin 53707–7857.