STATE of Wisconsin EX REL. Talib Amin AKBAR,†
Petitioner-Appellant,

v.

Stephen KRONZER, Paula K. Lemke, and Jane
Gamble, Respondents-Respondents.

Court of Appeals

*No. 03–3148. Submitted on a motion February 23, 2004.—
Decided April 28, 2004.*

2004 WI App 108

(Also reported in 681 N.W.2d 280.)

Petition for Review dismissed 9-15-04.

749

On behalf of the petitioner-appellant, the cause was submitted on the motion of *Talib Amin Akbar*, pro se.

On behalf of the respondents-respondents, the cause was submitted on the response of *Richard A. Victor*, assistant attorney general, and *Peggy A. Lautenschlager*, attorney general.

Before Anderson, P.J., Brown and Snyder, JJ.

¶ 1. PER CURIAM. Talib Amin Akbar appeals from orders of the circuit court denying his petition for a writ of certiorari and a motion for reconsideration. He moves the court for an order allowing him to pay for the cost of the preparation of transcripts from his prison release account.[1] Because we have not previously decided whether a prisoner may use funds in his or her release account to pay for transcript fees, we asked the State to respond to the motion. The State has done so, and does not object to Akbar's request. We conclude that Akbar may use the funds in his prison release account to pay for the cost of having transcripts prepared.

¶ 2. Akbar is a prisoner as defined in WIS. STAT. § 801.02(7)(a)2 (2001–02).[2] As such, he is subject to the requirements of the Prisoner Litigation Reform Act, 1997 Wis. Act 133. The PLRA addresses the payment of litigation fees and costs by prisoners. *Spence v. Cooke*, 222 Wis. 2d 530, 533, 587 N.W.2d 904 (Ct. App. 1998). It creates a scheme "for determining how and from what funds the prisoner will pay the fees and costs, either by payment at the time the action or proceeding is commenced or on an installment basis." *Id.* In *Spence*, we determined that the court may consider a prisoner's release account when a petitioner asks to be relieved

---

[1] Akbar enclosed with his motion a statement from the court reporter that the cost of preparing the transcript he needs is $49.50. The forms he submitted to the court in support of his motion to be allowed to proceed without the prepayment of filing fees indicate that he has sufficient funds in his release account to pay this sum.

[2] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

from prepaying fees or costs. *Id.* at 537. We concluded that release accounts, therefore, were available to satisfy the filing fee. *Id.* at 532. We noted in that case, that although the issue presented involved only the filing fee, "we see no reason why other litigation fees and costs within the meaning of § 814.29, STATS., would not be payable with release account funds." *Spence*, 222 Wis. 2d at 538 n.9. Here, we are presented with that very issue—whether the release account is available to a prisoner to pay for other litigation fees and costs, in this case, the fee for the preparation of transcripts.

¶ 3.   The PLRA sets forth the requirements for a prisoner who seeks to proceed without prepaying the "fees or costs." WIS. STAT. § 814.29(1m)(b). The cost of preparing a transcript is a "fee" within the meaning of § 814.29(1). *State ex rel. Girouard v. Circuit Court for Jackson County*, 155 Wis. 2d 148, 153, 159, 454 N.W.2d 792 (1990). The word "fee," as used in § 814.29(1), is defined in WIS. STAT. § 814.69(1) to include a court reporter's fee. *Girouard*, 155 Wis. 2d at 153–54. We conclude that the phrase "costs and fees" used in § 814.29(1m) must, for the reasons articulated in *Girouard*, include the costs and fees for preparing transcripts.

¶ 4.   The PLRA sets forth the procedure for this court to follow when we have determined that a prisoner has assets in a trust fund account to contribute towards the payment of the filing fee. WIS. STAT. § 814.29(1m)(d). While this subsection refers specifically to filing fees, it is contained within a statute which addresses costs and fees more generally. We see no reason why this same procedure should not apply to a prisoner who asks to have the cost for preparation of

752

transcripts deducted from his or her trust fund accounts. Consequently, we shall follow the same procedure for this type of request as we do for a request to proceed without the prepayment of the filing fee. The agency having custody of the prisoner shall also follow the same procedure. Sec. 814.29(1m)(e). Akbar's motion to pay for the preparation of transcripts from his release account is granted. The correctional institution having custody over Akbar shall consider this opinion to be an order authorizing the release of $49.50 from his release account to pay for the preparation of transcripts.[3]

*By the Court.*—The motion is granted.

---

[3] A release account is one type of trust fund account. *See Spence v. Cooke*, 222 Wis. 2d 530, 535, 587 N.W.2d 904 (Ct. App. 1998). Other types of accounts include:    regular, savings, work release, and miscellaneous. *Id.*