NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 27, 2014[*]
Decided October 27, 2014

**Before**

WILLIAM J. BAUER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 14-1925

| | |
|---|---|
| JASON L. EDMONSON, <br> *Plaintiff–Appellant,* | Appeal from the United States District Court for the Eastern District of Wisconsin. |
| *v.* | No. 13-C-613 |
| DIANE M. FREMGEN <br> *Defendant–Appellee.* | William C. Griesbach, <br> *Chief Judge.* |

**O R D E R**

Jason Edmonson, an indigent prisoner, obtained leave to commence two civil appeals in Wisconsin without prepayment of the full filing fees. A prisoner who does not prepay the entire fee must nonetheless pay off the balance eventually, and a Wisconsin statute mandates freezing the prisoner's access to his inmate trust account until the balance due is collected. WIS. STAT. § 814.29(1m)(e). The court's clerk complied

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

with the statute by directing prison authorities to freeze Edmonson's access to his trust account. Edmonson sued the clerk in federal court, asserting, among other things, that freezing his account was an unconstitutional taking, a violation of due process, and a denial of access to the courts. The district court dismissed the suit, and we affirm that decision.

Like the federal Prison Litigation Reform Act, the Wisconsin statute sets forth requirements for prisoners who wish to appeal without prepayment of fees. The inmate must first supply the court with a copy of his prison trust-account statement for the preceding 6 months and an affidavit describing the nature of his case and listing his current resources and income. *See id.* § 814.29(1m)(b). Edmonson provided these documents. The prisoner also must complete a form authorizing the agency that controls his trust account to forward payments "to the clerk of court each time the amount in the account exceeds $10 until the fees or costs are paid in full." *Id.* § 814.29(1m)(c)2; *see Spence v. Cooke*, 587 N.W.2d 904, 905–06 (Wis. Ct. App. 1998); *Form AP-013, Authorization to Withhold Money From Trust Fund Accounts*, http://www.wicourts.gov/formdisplay/AP-013.pdf?formNumber=AP-013&formType=Form&formatId=2&language=en (last visited Oct. 14, 2014). Edmonson submitted two of these authorization forms, one for each of his civil appeals. In both cases, the Clerk of the Wisconsin Court of Appeals promptly issued an order permitting Edmonson to appeal without prepayment of the $195 filing fee and freezing his access to his trust account pending collection of the balance owed.

In his federal suit against the clerk, Edmonson contests the freeze order on three grounds. He asserts that, by freezing his account, the clerk (1) took his property in violation of the Fifth Amendment, (2) denied him adequate notice in violation of due process because the authorization forms did not warn him that his account would be frozen, and (3) denied him access to the courts (though he does not specify the claims that he could not pursue because of the freeze). His complaint also asserts that, by issuing the freeze order, the clerk unreasonably seized his property in violation of the Fourth Amendment, but Edmonson has abandoned that claim on appeal.

The defendant moved to dismiss for failure to state a claim, and the district court granted the motion. First, the court concluded that there was no unconstitutional taking because Edmonson's account was frozen to collect a fee that he had voluntarily incurred. And his right to due process was not violated, the court continued, because the clerk had no obligation to notify him that the fees he owed would be collected in compliance with the law. Next, the court reasoned that Edmonson had not been denied

access to the courts because the collection mechanism in the statute gave him *greater* access to the courts by enabling him to appeal without prepayment. Finally, the court determined that its dismissal of the action earned Edmonson a strike under 28 U.S.C. § 1915(g).

On appeal, Edmonson continues to press his contentions that the freeze order was an unconstitutional taking, that it violated due process, and that it denied him access to the courts. He also contests the district court's assessment of a strike under § 1915.  We agree with the district court that Edmonson's complaint fails to state a claim under any of his legal theories.

We begin with his takings argument. Edmonson does not dispute that the filing fee is reasonable. "[A] reasonable user fee is not a taking if it is imposed for the reimbursement of the cost of government services." *United States v. Sperry Corp.*, 493 U.S. 52, 63 (1989); *see Koontz v. St. Johns River Water Mgmt. Dist.*, 133 S. Ct. 2586, 2600–01 (2013). And freezing Edmonson's account for the purpose of collecting a reasonable fee did not convert an otherwise reasonable fee into an unconstitutional taking.

Next is Edmonson's contention that his right to due process was violated because the authorization form he submitted to the Wisconsin Court of Appeals did not notify him that his account would be frozen pending collection of the balance owed. This argument is a nonstarter. The Wisconsin statute states that the "agency having custody of the prisoner *shall* freeze" the trust account. WIS. STAT. § 814.29(1m)(e) (emphasis added); *see State ex rel. Lindell v. Litscher*, 659 N.W.2d 413, 415 (Wis. Ct. App. 2003). "[P]ersons owning property within a State are charged with knowledge of relevant statutory provisions affecting the control or disposition of such property." *Texaco, Inc. v. Short*, 454 U.S. 516, 532 (1982). Thus the authorization form need not warn that the prisoner's account will be frozen because the statute provides that notice.

Edmonson's third argument is that the freeze order denied him access to the courts. Elaborating on the sparse allegations in his complaint, he asserts that because his account was frozen he was forced "to borrow money and prosecute [his two civil appeals] with less funding than needed, causing harm to each." These allegations do not state a denial-of-access claim for two reasons. As the district court noted, the statute mandating the freeze gave Edmonson *greater* access to the courts because it allowed him to begin an appeal without prepaying the entire filing fee. Moreover, Edmonson does not describe any potentially meritorious underlying claims in his state-court appeals

that the freeze order kept him from pursuing, as required by *Christopher v. Harbury*, 536 U.S. 403, 414–16 (2002).

Edmonson makes other arguments relating to purported tort and contract claims under state law. He contends, for example, that the authorization form created an agreement that the clerk breached by freezing his trust account. But the form neither states nor implies that the clerk would ignore the statute's command to freeze the account. In any event, Edmonson's arguments based on state law are made for the first time on appeal and thus are forfeited. *See HyperQuest, Inc. v. N'Site Solutions, Inc.*, 632 F.3d 377, 382–83 (7th Cir. 2011); *Cnty. of McHenry v. Ins. Co. of the West*, 438 F.3d 813, 819–20 (7th Cir. 2006).

Finally, because this action was dismissed for failure to state a claim, the district court correctly concluded that Edmonson incurred a strike under 28 U.S.C. § 1915(g). By filing this appeal, he has incurred a second. *See Kalinowski v. Bond*, 358 F.3d 978, 979 (7th Cir. 2004); *Hains v. Washington*, 131 F.3d 1248, 1250 (7th Cir. 1997).

AFFIRMED.