STATE of Wisconsin EX REL., Scott F. FROHWIRTH, Petitioner-Appellant,

v.

WISCONSIN PAROLE COMMISSION, Respondent-Respondent.

Court of Appeals

*No. 99–2079. Submitted on briefs April 14, 2000.—Decided May 25, 2000.*

2000 WI App 139

(Also reported in 614 N.W.2d 541.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Scott F. Frohwirth,* pro se.

On behalf of the respondent-respondent, the cause was submitted on the brief of *Eric J. Callisto,* assistant attorney general, and *James E. Doyle,* attorney general.

Before Dykman, P.J., Vergeront and Deininger, JJ.

¶ 1. DEININGER, J. Scott Frohwirth appeals an order dismissing his petition for a writ of certiorari. Frohwirth sought certiorari review of a decision of the Wisconsin Parole Commission. The circuit court dismissed his petition after determining that Frohwirth failed to file it within forty-five days after the commission's decision, as required by WIS. STAT. § 893.735(2)

(1997–98).[1] Frohwirth contends that he is not bound by the time limitation set forth in § 893.735(2) because he is currently incarcerated in an out-of-state facility. We conclude, however, that because Frohwirth was incarcerated in Wisconsin at the time of the parole commission's decision, and for at least forty-five days thereafter, he was bound by the time limitation set forth in § 893.735(2). We thus conclude that Frohwirth's petition was untimely, and accordingly, we affirm the circuit court's order.

## BACKGROUND

¶ 2. Scott Frohwirth was sentenced to thirty years in prison for various property crimes, and he was subsequently incarcerated at the Kettle Moraine Correctional Institution. On January 15, 1999, while Frohwirth was still incarcerated at this facility, the parole commission issued a decision denying his parole.

¶ 3. In April 1999, Frohwirth was transferred to the Whiteville Correctional Facility in Tennessee. On June 23, 1999, Frohwirth petitioned the Milwaukee County circuit court for a writ of certiorari and requested a review of the parole commission's decision. The court determined that, under WIS. STAT. § 893.735(2), Frohwirth was required to file this petition within forty-five days after the parole commission's decision. The court thus concluded that Frohwirth's petition was untimely and entered an order dismissing the petition. Frohwirth appeals the order.

---

[1] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

## ANALYSIS

¶ 4. WISCONSIN STAT. § 893.735 provides that "[a]n action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues." *See* § 893.735(2). Under the statute, a prisoner's petition for a writ of certiorari is barred unless it is filed within forty-five days of the date of the decision from which review is sought. *See* § 893.735(2) and (3). For purposes of the limitation statute, the term "prisoner" is defined as "any person who is incarcerated, imprisoned or otherwise detained in a correctional institution," and a "correctional institution" is "any state or local facility that incarcerates or detains any adult . . . sentenced for any crime." *See* WIS. STAT. §§ 893.735(1) and 801.02(7)(a)1 and 2.

¶ 5. Frohwirth contends that he does not satisfy the statutory definition of a "prisoner" because he is currently incarcerated in Tennessee. According to Frohwirth, a Tennessee prison is not a "state or local facility," and it cannot therefore be a "correctional institution" under WIS. STAT. § 801.02(7)(a)1. Thus, according to Frohwirth, a person who is incarcerated at a facility in Tennessee is not a "prisoner" under § 801.02(7)(a)2, or in turn, under WIS. STAT. § 893.735. Frohwirth therefore contends that his certiorari petition is not subject to the forty-five-day limitation period under § 893.735, but must be governed by the common law rule that a petition for a writ of certiorari is timely so long as it is brought within six months of an agency's decision. *See State ex rel. Czapiewski v. Milwaukee City Serv. Comm'n*, 54 Wis. 2d 535, 539, 196 N.W.2d 742 (1972).

¶ 6. This court recently determined in *State ex rel. Speener v. Gudmanson*, 2000 WI App 78, 234 Wis. 2d 461, 610 N.W.2d 136, that an out-of-state facility is not a "correctional institution," and that a person who is incarcerated in an out-of-state facility is not a "prisoner" under WIS. STAT. § 801.02(7)(a)2. Because WIS. STAT. § 893.735 incorporates the definition of "prisoner" set forth in § 801.02(7)(a)2, we conclude that a person who is incarcerated in an out-of-state facility is not bound by the statutory time limitation set forth in § 893.735(2).

¶ 7. Nonetheless, we conclude that the trial court did not err in dismissing Frohwirth's petition. Frohwirth was incarcerated within the state of Wisconsin at the time of the parole commission's decision and remained incarcerated in Wisconsin during the forty-five days that followed. He was therefore incarcerated in a "correctional institution" and remained a "prisoner" under WIS. STAT. §§ 801.02(7)(a)2 and 893.735(2) through the expiration of the forty-five day limitation period. Frohwirth was thus required to file his certiorari petition within forty-five days of the parole commission's decision because he was a "prisoner" during that entire time period. He did not cease to be a "prisoner" until after March 31, 1999, some seventy-five days following the parole commission's decision. Frohwirth's transfer to an out-of-state facility in April did not serve to revive his right to seek review of his parole denial. That right had already expired under the statute.

## CONCLUSION

¶ 8. For the reasons discussed above, we affirm the order dismissing Frohwirth's certiorari petition.

*By the Court.*—Order affirmed.