STATE of Wisconsin EX REL. Clarence SAFFOLD, Petitioner-Appellant,†

v.

David H. SCHWARZ, Administrator, Division of Hearings and Appeals, Respondent-Respondent.

Court of Appeals

*No. 99–2945. Submitted on briefs December 7, 2000.—Decided January 9, 2001.*

## 2001 WI App 56

(Also reported in 625 N.W.2d 333.)

†Petition to review denied.

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Brian C. Findley*, deputy first assistant state public defender.

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general, and *Corey F. Finkelmeyer,* assistant attorney general.

Before Fine, Schudson and Curley, JJ.

¶ 1. SCHUDSON, J. Clarence Saffold appeals from the circuit court order dismissing his petition for a writ of certiorari, following his parole revocation. He argues that the circuit court erred in concluding that the Prisoner Litigation Reform Act (PLRA) applied to his challenge to his parole revocation and, therefore,

that the PLRA's forty-five-day time limit for filing such a challenge required dismissal of his petition.[1] We affirm.

¶ 2.    On December 1, 1998, Saffold was paroled following his imprisonment for two burglary convictions. On June 7, 1999, his parole was revoked. Saffold administratively appealed his revocation. On June 30, 1999, David H. Schwarz, Administrator of the Wisconsin Division of Hearings and Appeals, entered an "Appeal Decision" sustaining Saffold's revocation.

¶ 3.    On October 14, 1999, 129 days after the June 7, 1999 order revoking his parole, and 106 days after the June 30, 1999 decision sustaining the revocation, Saffold filed a petition for a writ of certiorari in the circuit court, challenging the revocation. On October 27, 1999, the circuit court entered an order concluding that the PLRA "requires all petitions for writ of certiorari to be filed within 45 days of the final decision issued by the [Administrator of the Division of Hear-

---

[1] The circuit court order dismissing Saffold's petition for a writ of certiorari refers to "the Prisoner Litigation Reform Act (PLRA), 1997 Wis. Act 133." We note that Wisconsin statutory law does not mention the PLRA, and our case law alternates between stating that 1997 Wis. Act 133 *is* the PLRA, *State ex rel. Adell v. Smith*, 2000 WI App 188, ¶ 1, 238 Wis. 2d 655, 618 N.W.2d 208; *State ex rel. Speener v. Gudmanson*, 2000 WI App 78, ¶ 13, 234 Wis. 2d 461, 610 N.W.2d 136; *State ex rel. Stinson v. Morgan*, 226 Wis. 2d 100, 100, 593 N.W.2d 924 (Ct. App. 1999); *State ex rel. Marth v. Smith*, 224 Wis. 2d 578, 580, 592 N.W.2d 307 (Ct. App. 1999); *Spence v. Cooke*, 222 Wis. 2d 530, 533, 587 N.W.2d 904 (Ct. App. 1998), and that 1997 Wis. Act 133 *created* the PLRA, *State ex rel. Cramer v. Wis. Ct. App.*, 2000 WI 86, ¶ 1, 236 Wis. 2d 473, 613 N.W.2d 591, *reconsideration denied*, 2000 WI 121, 239 Wis. 2d 314, 619 N.W.2d 96; *State ex rel. Coleman v. Sullivan*, 229 Wis. 2d 804, 805 n.1, 601 N.W.2d 335 (Ct. App. 1999).

ings and Appeals]," and dismissing Saffold's petition as "untimely."[2]

¶ 4.    Saffold argues that the forty-five-day time limit under the PLRA does not apply to his challenge to his parole revocation and, therefore, that he had six months to file his petition. *See State ex rel. Czapiewski v. Milwaukee City Serv. Comm'n*, 54 Wis. 2d 535, 538, 196 N.W.2d 742 (1972) ("[W]hen no statutory time [is] prescribed within which a petition for a writ of certiorari could be made to review a final order of an agency," certiorari proceedings challenging the order must be commenced within six months.). We disagree.

██

¶ 5.    WISCONSIN STAT. § 893.735 (1997–98)[3] governs an "[a]ction by [a] prisoner contesting a governmental decision" and provides, in part:

> (2)    An action seeking a remedy available by certiorari made on behalf of a prisoner is barred unless commenced within 45 days after the cause of action accrues. The 45-day period shall begin on the date of the decision or disposition, except that the court may extend the period by as many days as the prisoner proves have elapsed between the decision

---

[2] The circuit court order, concluding that Saffold's petition was filed "130 days after the final decision was issued," was incorrect in two respects. First, the court apparently was counting the days from the order revoking Saffold's parole, rather than the days from the final administrative "Appeal Decision" sustaining the revocation. Second, the court miscounted by one day. On appeal to this court, however, it is undisputed that Saffold filed his petition for a writ of certiorari 106 days after the final administrative "Appeal Decision," well beyond the forty-five days permitted under the Prisoner Litigation Reform Act.

[3] All references to the Wisconsin Statutes are to the 1997–98 version unless otherwise noted.

or disposition and the prisoner's actual notice of the decision or disposition. . . .

**(3)** In this section, an action seeking a remedy available by certiorari is commenced at the time that the prisoner files a petition seeking a writ of certiorari with a court.

Whether the forty-five-day time limit under § 893.735 applies to Saffold's petition for a writ of certiorari presents an issue of statutory interpretation, a question of law which we review *de novo. See State v. Sample*, 215 Wis. 2d 487, 495, 573 N.W.2d 187 (1998).

¶ 6. On appeal, Saffold initially presented several arguments challenging the applicability of the PLRA and its forty-five-day time limit to certiorari review of his parole revocation. As Saffold now must concede, however, almost all of his arguments have been defeated by: (1) this court's decision in *State ex rel. Frohwirth v. Wisconsin Parole Commission*, 2000 WI App 139, ¶¶ 6–7, 237 Wis. 2d 627, 614 N.W.2d 541, holding that the forty-five-day time limit of WIS. STAT. § 893.735 applies to a certiorari petition seeking review of a denial of parole unless the petitioner has been incarcerated outside Wisconsin within forty-five days of the denial; and (2) the supreme court's even more recent decision in *State ex rel. Cramer v. Wisconsin Court of Appeals*, 2000 WI 86, ¶ 3, 236 Wis. 2d 473, 613 N.W.2d 591, *reconsideration denied*, 2000 WI 121, 239 Wis. 2d 314, 619 N.W.2d 96, holding that persons challenging probation revocation are "prisoners" under the PLRA and, therefore, that their petitions for certiorari review of probation revocation must be filed within the forty-five-day time limit under § 893.735(2).[4]

---

[4] *See also Gagnon v. Scarpelli*, 411 U.S. 778, 782 n.3 (1973) ("Despite the undoubted minor differences between probation and parole, the commentators have agreed that revocation of

¶ 7.  Saffold presents one additional argument, regarding an issue addressed by neither *Frohwirth* nor *Cramer*: that because he is an in-state prisoner, and because *Frohwirth* held that the forty-five-day time limit did not apply to out-of-state prisoners, application of the time limit denies him "equal protection before the law." We conclude, however, that because a rational basis exists for distinguishing between in-state and out-of-state prisoners for purposes of filing deadlines under the PLRA, WIS. STAT. § 893.735(2) does not deny Saffold equal protection.

¶ 8.  We recently reiterated:

> "The equal protection clause of the fourteenth amendment is designed to assure that those who are similarly situated will be treated similarly." Where the State is not discriminating based upon a suspect classification, the classification need only bear a rational relationship to a legitimate government interest. Simply because a statutory classification results in some inequity does not provide a basis for holding it to be unconstitutional. The legislative enactment must be upheld unless it is "patently arbitrary."

*State v. Trepanier*, 204 Wis. 2d 505, 509–10, 555 N.W.2d 394 (Ct. App. 1996) (citations omitted). Saffold argues that WIS. STAT. § 893.735 creates "two different classes of prisoners and cause[s] them to be treated differently." He contends that "no rational reason exists for treating similar revocation appeals dissimi-

probation . . . is constitutionally indistinguishable from the revocation of parole."); *State ex rel. Macemon v. Christie*, 216 Wis. 2d 337, 342 n.3, 576 N.W.2d 84 (Ct. App. 1998) ("[B]ecause the review process for both probation and parole revocation is identical, we extend our holding to apply to both.").

larly based solely [on] the arbitrary decision on where to incarcerate a prisoner." We disagree.

¶ 9.   In *State ex rel. Speener v. Gudmanson*, 2000 WI App 78, 234 Wis. 2d 461, 610 N.W.2d 136, we rejected the State's argument that an inmate confined in an out-of-state county jail is a "prisoner," as defined in WIS. STAT. § 801.02(7)(a)2, who must, as a consequence, satisfy the filing fee requirements under the PLRA. *Id.* at ¶¶ 7–16. Reaching that conclusion, we analyzed both statutory and case-law authority and explained that, under § 801.02(7)(a)1, "any state or local facility" encompassed only those correctional facilities located in Wisconsin. *Id.* at ¶¶ 11–14. Thus, we concluded, "The legislature did not intend the restrictions of the PLRA to apply to all prisoners no matter where they are confined." *Id.* at ¶ 14.

¶ 10.   Therefore, we implicitly recognized that the legislature, in defining "prisoner" and "correctional institution," and in enacting the PLRA, allowed for different procedures to govern litigation from prisoners, depending on whether they are incarcerated in Wisconsin or elsewhere. The distinction is not "patently arbitrary."   Generally,   Wisconsin   legal resources—statutes, case law, law students regularly providing services in Wisconsin correctional institutions under the auspices of the University of Wisconsin Law School's Frank J. Remington Center, and lawyers familiar with Wisconsin law—are more readily available to prisoners incarcerated in Wisconsin. *See Sambs v. City of Brookfield*, 97 Wis. 2d 356, 371, 293 N.W.2d 504 (1980) (In reviewing an equal protection challenge, where the "legislature has not set forth its rationale" for a statutory provision, "it is the court's obligation to locate or to construct, if possible, a rationale that might

259

have influenced the legislature and that reasonably upholds the legislative determination.").

■

¶ 11.    Thus, the shorter filing deadline for prisoners in Wisconsin challenging parole revocation has a rational relationship to the legitimate governmental interests of the PLRA—"to restrict frivolous lawsuits" and "to limit broadly prisoner litigation at taxpayers' expense." *Cramer*, 2000 WI 86 at ¶ 40. Accordingly, we conclude that the forty-five-day filing deadline under WIS. STAT. § 893.735 does not deny Saffold equal protection of law.

*By the Court.*—Order affirmed.