STATE of Wisconsin EX REL. Shannon LABINE,
Petitioner-Petitioner,

v.

Stephen PUCKETT, Respondent.

Supreme Court

*No. 02–2642–W. Oral argument February 10, 2004.—
Decided March 25, 2004.*

2004 WI 25

(Also reported in 676 N.W.2d 424.)

For the petitioner-petitioner there was a brief by *Nicholas C. Zales* and *Zales Law Office,* Milwaukee, and oral argument by *Nicholas C. Zales.*

For the respondent the cause was argued by *David E. Hoel,* assistant attorney general, with whom on the brief was *Peggy A. Lautenschlager,* attorney general.

¶ 1. PER CURIAM. We dismiss the petition for review as improvidently granted.

¶ 2. Shannon Labine, an inmate at the Prairie Correctional Facility, a private facility in Minnesota, petitioned this court for review of an unpublished order of the court of appeals affirming the circuit court's denial of his request for a waiver of costs and fees. We granted review on a single issue: "Is the petitioner, who is currently serving a Wisconsin prison sentence at an out-of-state correctional facility (Prairie Correctional Facility) in Minnesota, a 'prisoner' within the meaning of Wis. Stat. § 814.29(1m)[1] and hence entitled to a waiver of costs and fees without first demonstrating that his underlying pleading states a claim upon which relief may be granted as required by § 814.29(1)(c)?"

¶ 3. Both Labine and the State agree that he is not a prisoner within the meaning of Wis. Stat. § 814.29(1m). Although the parties urge the Court to reach this conclusion for different reasons, we conclude that this case is moot. A decision will not affect Labine. Furthermore, the parties agree on the issue of law and

[1] Unless otherwise indicated, all references to the Wisconsin Statutes are to the 2001–02 version.

therefore we do not have adversarial parties. We therefore dismiss the petition for review as having been improvidently granted.

¶ 4. We set forth the facts of the case in order to place the dismissal in context. Labine filed a pro se certiorari petition in the Dane County Circuit Court seeking to challenge the decision of the Department of Corrections' Program Review Committee (PRC) to deny him a security upgrade and a transfer to a lower security facility. The circuit court, Daniel R. Moeser, Judge, denied Labine's request for a fee waiver under Wis. Stat. § 814.29(1)(c),[2] concluding that his petition stated no claim upon which it could grant relief.

¶ 5. Relying on *State ex rel. Speener v. Gudmanson,* 2000 WI App 78, ¶¶ 7–16, 234 Wis. 2d 461, 610 N.W.2d 136, the court of appeals concluded that an inmate not imprisoned in a Wisconsin institution is not a "prisoner" under § 801.02(7)(a)2.[3] and therefore is not

---

[2] Wisconsin Stat. § 814.29(1)(a) and (c) read as follows:

814.29(1)(a) Except as provided in sub. (1m), any person may commence, prosecute or defend any action or special proceeding in any court, or any writ of error or appeal therein, without being required to give security for costs or to pay any service or fee, upon order of the court based on a finding that because of poverty the person is unable to pay the costs of the action or special proceeding, or any writ of error or appeal therein, or to give security for those costs.

. . . .

(c) . . . The court may deny the request for an order if the court finds that the affidavit states no claim, defense or appeal upon which the court may grant relief.

[3] Wisconsin Stat. § 801.02(7)(a) reads:

(7)(a) In this subsection:

a prisoner under § 814.29(1m),[4] which incorporates the definition of "prisoner" appearing in § 801.02(7)(a)2.[5] The court of appeals concluded that the circuit court properly denied Labine's fee waiver request because the underlying pleading failed to state a claim.

1. "Correctional institution" means any state or local facility that incarcerates or detains any adult accused of, charged with, convicted of, or sentenced for any crime. A correctional institution includes a Type 1 prison, as defined in s. 301.01 (5), a Type 2 prison, as defined in s. 301.01 (6), a county jail and a house of correction.

2. "Prisoner" means any person who is incarcerated, imprisoned or otherwise detained in a correctional institution or who is arrested or otherwise detained by a law enforcement officer. "Prisoner" does not include any of the following:

a. A person committed under ch. 980.

b. A person bringing an action seeking relief from a judgment terminating parental rights.

c. A person bringing an action seeking relief from a judgment of conviction or a sentence of a court, including an action for an extraordinary writ or a supervisory writ seeking relief from a judgment of conviction or a sentence of a court or an action under s. 809.30, 809.40, 973.19 , 974.06 or 974.07.

d. A person bringing an action under s. 809.50 seeking relief from an order or judgment not appealable as of right that was entered in a proceeding under ch. 980 or in a case specified under s. 809.30 or 809.40.

e. A person who is not serving a sentence for the conviction of a crime but who is detained, admitted or committed under ch. 51 or 55 or s. 971.14 (2) or (5).

[4] Wisconsin Stat. § 814.29(1m) (b) and (c) state that a court shall issue an order permitting a prisoner to commence or defend a proceeding without the prepayment of fees or costs upon meeting the conditions stated therein.

[5] *See* Wis. Stat. § 814.29(1m)(a), providing: "In this subsection, 'prisoner' has the meaning given in s. 801.02(7)(a)2."

¶ 6.    Labine argues that all Wisconsin prisoners in out-of-state facilities—whether public or private—are not "prisoners" under Wis. Stat. § 814.29(1m). The State would have us conclude that Wisconsin prisoners in out-of-state *private* facilities are not "prisoners" under the statute and would have us withhold decision on whether Wisconsin prisoners in out-of-state *public* facilities are "prisoners." The parties agree that the interpretation of the statutory definition of "prisoner" will have significant consequences for the application of the Prisoner Litigation Reform Act (PLRA), 1997 Wis. Act 133, which created §§ 801.02(7)(a) and 814.29(1m), although neither of the parties' briefs discusses those consequences in great depth.

¶ 7.    We agree with the parties that the determination of who is a "prisoner" under the PLRA is an important question of statutory interpretation. Therefore, we conclude that we should address that question when it is before this court in a case with adversary parties and with full briefing of the consequences of any statutory interpretation.

¶ 8.    Accordingly we conclude that review in this case was improvidently granted, and we dismiss the petition for review.

*By the Court.*—Review of the decision of the court of appeals is dismissed.

¶ 9.    DIANE S. SYKES, J., and PATIENCE D. ROGGENSACK, J., did not participate.